UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

STACEY CHOLIP
420 McCall Street
Waukesha, Wisconsin 53186

   Plaintiff,

  v.              Case No.: 14-cv- 1583

BADGER PROCESS SERVICE, INC.   **JURY TRIAL DEMANDED**
262 West Broadway Street, Suite 9
Waukesha, Wisconsin 53186

   Defendant.

---

## COMPLAINT

---

COMES NOW Plaintiff, Stacey Cholip, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

### Jurisdiction

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution..

3. The unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin and therefore venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## Parties and Coverage

4. Plaintiff, Stacey Cholip, is an adult female resident of the State of Wisconsin residing in Waukesha County with a post office address of 270 Willow Drive, Hartland, Wisconsin, 53029.

5. Defendant, Badger Process Service, Inc., was, at all material times herein, a Wisconsin corporation with a principal office address of 262 West Broadway Street, Waukesha, Wisconsin 53186.

6. Defendant provides process services for courts and attorneys throughout the state of Wisconsin.

7. Defendant is engaged in "commerce" and/or its employees are engaged in "commerce," as that term is defined in 29 U.S.C. § 203(b).

8. During Ms. Cholip's employment at Defendant, its annual dollar volume of sales or business exceeded $500,000.

9. During Ms. Cholip's employment with Defendant, it compensated Ms. Cholip on an hourly basis.

10. During Ms. Cholip's employment with Defendant, it did not compensate Ms. Cholip on a salary basis.

11. On or about February 21, 2012, Defendant hired Ms. Cholip into a Data Entry position.

12. Ms. Cholip's last day of work at Defendant was May 15, 2014.

13.     Upon Ms. Cholip's hire into a Data Entry position with Defendant, it compensated her at an hourly rate of $10.00 per hour.

14.     During Ms. Cholip's employment with Defendant, she worked primarily at Defendant's Waukesha, Wisconsin location.

15.     In January 2013, Defendant promoted Ms. Cholip to the position of Assistant Office Manager, but continued compensating Ms. Cholip at an hourly rate of $10.00 per hour.

16.     In approximately October 2013, Defendant began compensating Ms. Cholip at an hourly rate of $10.50 per hour.

17.     In approximately February 2014, Defendant began compensating Ms. Cholip at an hourly rate of $11.00 per hour.

18.     During Ms. Cholip's employment with Defendant, she reported directly to Linda Mahler, Office Manager, and Ronald Russo, President.

19.     During Ms. Cholip's employment with Defendant as an Assistant Office Manager, Ms. Cholip's job duties and/or job responsibilities included providing office and administrative support to Defendant.

20.     During Ms. Cholip's employment with Defendant as an Assistant Office Manager, Ms. Cholip's normal or customary days of work were Monday through Friday and occasionally on the weekends (Saturdays and Sundays).

21.     In Ms. Cholip's position in a Data Entry position and as an Assistant Office Manager with Defendant, she frequently worked in excess of forty (40) hours per week.

22. During Ms. Cholip's employment with Defendant, Defendant maintained the following process or procedure regarding compensation of hourly employees: (1) employees recorded their hours of work on timesheets provided by Defendant; (2) Defendant collected or received the employees' timesheets; (3) Defendant's receptionist, Colleen Block, confirmed that the employees' timesheets correctly reflected the number of hours worked; (4) Defendant issued the employee a paycheck based on the number of hours worked as reflected on the employees' timesheets.

23. During Ms. Cholip's employment with Defendant, Ms. Cholip recorded her hours of work on timesheets provided by Defendant.

24. During Ms. Cholip's employment with Defendant, every two weeks, or twice a month, Mahler would collect or receive Ms. Cholip's timesheets.

25. During Ms. Cholip's employment with Defendant, Mahler received and retained copies of Ms. Cholip's timesheets.

26. Defendant received all of Ms. Cholip's timecards during her employment at Defendant.

27. During Ms. Cholip's employment with Defendant, Block confirmed that Ms. Cholip's timesheets correctly reflected the number of hours Ms. Cholip worked.

28. Ms. Cholip accurately recorded her hours worked on her timecards while she was employed at Defendant.

29. During Ms. Cholip's employment with Defendant and after Block confirmed that Ms. Cholip's timesheets correctly reflected the number of hours worked, Mahler created a paycheck for Ms. Cholip and left it for her on Ms. Cholip's desk chair along with a copy of her timesheet.

30. During Ms. Cholip's employment with Defendant, her paychecks did not properly or legally compensate her for all hours worked, as accurately recorded on her timesheets submitted to Defendant.

31. During Ms. Cholip's employment with Defendant, Defendant compensated Ms. Cholip at an hourly rate of pay for all hours worked.

32. During Ms. Cholip's employment with Defendant, Defendant did not compensate Ms. Cholip with overtime pay at a rate of time and one half for each hour she worked in excess of forty (40) hours each workweek.

33. During Ms. Cholip's employment with Defendant, it suffered or permitted her to work without appropriately and legally compensating her for each hour worked.

34. Defendant owes Ms. Cholip between approximately $2,500 to $3,500 of unpaid wages at an overtime rate of pay for work Defendant suffered or permitted her to perform during her employment with it as an Assistant Office Manager.

### FIRST CAUSE OF ACTION – FLSA OVERTIME PAY VIOLATIONS

35. Ms. Cholip realleges and incorporates paragraphs 1-34 of this Complaint by reference.

36. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

37. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in Section 203(b) of the FLSA.

38. At all times material herein, Defendant was an employer as provided under the FLSA.

39. At all times material herein, Ms. Cholip was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

40. At all times material herein, Ms. Cholip was an employee of Defendant as provided under the FLSA.

41. Defendant violated the FLSA by not compensating Ms. Cholip with overtime premium pay for each hour she worked in excess of forty (40) hours each workweek.

42. During Ms. Cholip's employment with Defendant, it intentionally violated 29 U.S.C. § 215(a) by failing to compensate Ms. Cholip with overtime pay at a rate of time and one half for each hour she worked in excess of forty (40) hours each workweek.

43. Defendant's failure to properly and legally compensate Ms. Cholip for all compensable work time was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Ms. Cholip is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Ms. Cholip is entitled to an award of pre-judgment interest at the applicable legal rate.

44. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by from Ms. Cholip by Defendant.

45. Ms. Cholip is entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable

tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

46. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS

47. Ms. Cholip realleges and incorporates paragraphs 1-46 of this Complaint by reference.

48. At all times material herein, Ms. Cholip was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

49. At all times material herein, Defendant was an employer of Ms. Cholip within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

50. At all times material herein, Defendant employed Ms. Cholip within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

51. During Ms. Cholip's employment at Defendant, she worked overtime hours for which she was not paid time and one half.

52. At all times material herein, Ms. Cholip regularly performed activities that were an integral and indispensable part of his/her principal activities without receiving compensation for these activities at an overtime rate of pay at time and one half.

53. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

54. Defendant willfully violated the WWPCL by failing to compensation at time and one half for each hour of overtime Ms. Cholip worked.

55. As set forth above, Ms. Cholip sustained losses in her compensation as a proximate result of Defendant's violations. Accordingly, Ms. Cholip seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Ms. Cholip may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

56. Ms. Cholip seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay, and/or reinstatement, compensatory and punitive damages, prejudgment and post judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs and disbursements as provided by statute;

3. Grant to the Plaintiff liquidated damages against the Defendant; and

4. Grant to the Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 22nd day of December, 2014.

                                          WALCHESKE & LUZI, LLC
                                          Counsel for Plaintiff

                                          ***s/ Scott S. Luzi***_____
                                          James A. Walcheske, State Bar No. 1065635
                                          Scott S. Luzi, State Bar No. 1067405
                                          Jesse R. Dill, State Bar No. 1061704

WALCHESKE & LUZI, LLC
200 South Executive Drive, Suite 101
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
jdill@walcheskeluzi.com